25-

# IN THE
# United States Court of Appeals
# FOR THE
# Eleventh Circuit

◆◆◆

GAVIN McINNES,

*PLAINTIFF-PETITIONER*,

*vs.*

SOUTHERN POVERTY LAW CENTER, INC.,

*DEFENDANT-RESPONDENT*.

*ON PETITION FOR A WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA*

*CASE NO. 2:19-CV-98 (MHT) (GMB) THE HONORABLE MYRON H. THOMPSON*

## PETITION FOR A WRIT OF MANDAMUS

RONALD D. COLEMAN
COLEMAN LAW FIRM, PC
50 PARK PLACE, SUITE 1105
NEWARK, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com
*ATTORNEY FOR DEFENDANT*

Petitioner Gavin McInnes, by and through his undersigned counsel, respectfully submits this Petition for a Writ of Mandamus pursuant to 28 USCS § 1651, requesting this Court to compel the United States District Court for the Middle District of Alabama to rule on his motion to dismiss the complaint in Civil Action Number 2:19-cv-98-MHT-GMB, which has been pending since 2019.

## INTRODUCTION

This Petition arises from the failure of the United States District Court for the Middle District of Alabama to rule on a motion to dismiss filed by Respondent in **April of 2019** and deemed "fully submitted" in an order by the district court in September of 2021. Despite the passage of nearly six years, the district court has not issued a decision on the motion, resulting in significant prejudice to petitioner. This extraordinary delay warrants the issuance of a writ of mandamus to compel the district court to fulfill its judicial duty and rule on the pending motion.

## FACTUAL AND PROCEDURAL BACKGROUND

As set forth on the attached printout of the district court online docket, on February 4, 2019, Petitioner filed a complaint in the United States District Court for the Middle District of Alabama, initiating the underlying case, Case No. 2:19-cv-98.

On April 6, 2019, Respondent filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  On April 9, 2019, the court entered an order

1

stating, "ORDER: It is ORDERED that the motion to dismiss is set for submission, without oral argument, on 5/10/2019, with any opposition brief due by 4/26/2019, and any reply to the opposition due by 5/10/2019. Signed by Honorable Judge Myron H. Thompson on 4/9/2019."

The motion to dismiss was fully submitted on June 5, 2019.

The district court took no action for two years until, on September 13, 2021, it entered an order that, on pain of dismissal, the complaint be amended by September 27, 1991 to allege jurisdiction sufficiently. Petitioner filed a compliant amended complaint on September 13, 2021, and Respondent re-filed its motion to dismiss on September 27, 1991. On September 28, 2021, the district court ordered as follows: "It is ORDERED that the motion to dismiss is set for submission, without oral argument, on October 19, 2021, with any opposition brief due by October 12, 2021, and any reply to the opposition due by October 19, 2021. In lieu of a new brief, a party may, if preferred, simply file a notice that it wishes to rely on its prior response to, or reply to the opposition to, the first motion to dismiss. Signed by Honorable Judge Myron H. Thompson on 9/28/2021.

The renewed motion was fully briefed on October 19, 2021. Since that time, the District Court has taken no action to rule on the motion to dismiss or otherwise. The prolonged delay in ruling on the motion has caused substantial prejudice to Petitioner, including deprivation of the relief sought in the lawsuit.

## LEGAL BASIS FOR RELIEF

A writ of mandamus is an extraordinary remedy available to compel a lower court to perform a duty owed to the petitioner when there is no other adequate means to obtain relief, and the petitioners right to the writ is clear and indisputable. Petitioner seeks relief from this Court because the Federal Rules of Civil Procedure provide no avenue for relief from the district court to a party faced with this situation.

The failure of a district court to rule on a motion for an extended period constitutes a failure to perform a clear duty, justifying the issuance of a writ of mandamus. *See*, e.g., *In re Blodgett*, 502 U.S. 236, 239 (1992) (*per curiam*) (mandamus appropriate where delay in ruling on a matter is unreasonable); *In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136, 1139 (6th Cir. 1990) (granting mandamus where district court failed to rule on a motion for over two years).

The Eleventh Circuit has recognized that mandamus is appropriate where a district courts delay in ruling on a motion is so egregious that it amounts to a failure to exercise jurisdiction. See *Johnson v. Rogers*, 917 F.2d 1283, 1285 (11th Cir. 1990).  In this case, the district court's failure to rule on the motion to dismiss for over six years is unreasonable and constitutes a failure to perform its judicial duty. The delay has deprived Petitioner of his right to a timely resolution of the case and has caused significant prejudice.

3

Other circuits have similarly granted mandamus relief in cases involving prolonged delays by district courts. See, e.g., *In re United States*, 503 F.3d 638, 641 (7th Cir. 2007) (granting mandamus where district court failed to rule on a motion for over three years); *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413 (D. C. Cir. 2004) (mandamus appropriate where district court failed to act on a matter for an extended period).

Petitioner has no other adequate remedy to address the District Courts failure to rule on the motion to dismiss. The extraordinary delay has effectively denied Petitioner access to justice, and only this Courts intervention can remedy the situation.

**RELIEF REQUESTED**

For the foregoing reasons, Petitioner respectfully requests that this Court issue a writ of mandamus directing the United States District Court for the Middle District of Alabama to rule on the pending motion to dismiss Petitioner's amended complaint within a reasonable time to be determined by this Court and grant such other and further relief as this Court deems just and proper.

*/s/ Ronald D. Coleman*
RONALD D. COLEMAN

COLEMAN LAW FIRM, PC
50 PARK PLACE, SUITE 1105
NEWARK, NJ 07102
973-264-9611

4

                                rcoleman@colemanlaw-pc.com
                                *ATTORNEY FOR DEFENDANT*

September 18, 2025